UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY NATIONAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>UTS LOGISTICS INC., d/b/a UNITED TRANSPORTATION SERVICES,<br><br>Defendant. | No. 2:21-cv-01275-MCE-DB<br><br><br><br>**ORDER** |

Presently before the Court is Plaintiff Valley National Bank's ("Plaintiff") Application for Court Order Authorizing Service of the Summons and First Amended Complaint ("FAC") on Defendant UTS Logistics Inc., d/b/a United Transportation Services ("Defendant") by Hand Delivery to the California Secretary of State. ECF No. 7. For the reasons set forth below, Plaintiff's Application is DENIED.

Plaintiff initiated the present breach of contract action against Defendant, a California corporation, on July 21, 2021. ECF No. 1. On August 24, 2021, Plaintiff filed the operative FAC to correct an error concerning Defendant's name in Plaintiff's original complaint. ECF No. 5. In support of the present Application, Plaintiff's counsel filed a declaration, explaining that "[a] member [of the] firm's office staff conducted a record search with the California Secretary of State's Office, the results of which indicated that Defendant . . . is an active, currently registered corporation with an office address of

10221 Soprano Way, Elk Grove, California 95757." Garcia Decl., ECF No. 7-1 ¶ 2; see Ex. 1, Garcia Decl., ECF No. 7-1 at 4. The same search also "list[ed] Defendant's Agent for the Service of Process as Gurvinder Sandhu . . ., with an address identical to the address listed for the corporation." Garcia Decl., ECF No. 7-1 ¶ 3; see Ex. 1, Garcia Decl., ECF No. 7-1, at 4. "A staff member [at the] firm directed the process server used by [the] firm, Nationwide Legal (hereinafter 'Process Server'), to serve the Summons and a copy of the [FAC] on Defendant's Registered Agent at 10221 Soprano Way, Elk Grove, California 95757." Garcia Decl., ECF No. 7-1 ¶ 4.

On August 26, 2021, the process server first attempted to serve Defendant's agent at the address provided by the Secretary of State's office but "encountered a 'John Doe,' who refused to give his name and told the Process Server that there was no one by the name of Gurvinder Sandhu at that address." ECF No. 7, at 2–3; see Ex. 2, Garcia Decl., ECF No. 7-1, at 6 (listing 10221 Soprano Way as a home address). "John Doe" also told the process server to "leave property and not to come back again." Ex. 2, Garcia Decl., ECF No. 7-1, at 6. Afterwards, the process server "attempted service at two (2) alternative addresses that [the] firm's research indicated Defendant's Registered Agent has used and/or is associated with," but those attempts were also unsuccessful. Garcia Decl., ECF No. 7-1 ¶ 6; see Ex. 2, Garcia Decl., ECF No. 7-1, at 6–7 (listing alternative addresses as 9245 Laguna Springs Drive, Suite 200, Elk Grove, California 95758 (business address), and 8569 Milsap Court, Elk Grove, California 95624 (home address)). The process server visited the Milsap Court address twice but was told by two different persons that no one with the name Gurvinder Sandhu lived at the property. Ex. 2, Garcia Decl., ECF No. 7-1, at 6. Similarly, when the process server went to the Laguna Springs address, an administrative assistant for Regus stated that the system failed to identify either Defendant or Gurvinder Sandhu. Id. at 6–7.

Federal Rule of Civil Procedure 4 authorizes service of process on a corporation in the manner prescribed by Rule 4(e) for serving individuals.[1] Fed. R. Civ. P. 4(h)(1)(A).

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

California Corporations Code § 1702 provides the following:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.  Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 1702(a).  Because Defendant is listed as an active corporation and has not been dissolved or forfeited its right to do business, Plaintiff must demonstrate by affidavit its inability with reasonable diligence to effect service under California Code of Civil Procedure § 416.10.  Dakavia Mgmt. Corp. v. Bigelow, Case No. 1:20-cv-00448-NONE-SKO, 2020 WL 2112261, at *1 (E.D. Cal. May 4, 2020).  "Under Section 416.10, a corporation can be served through a registered agent for process; enumerated officers of the corporation or a person authorized to receive service; a cashier or assistant of a banking corporation; or, where the party cannot with reasonable diligence serve any of these individuals, the Secretary of State."  Id. (citing Cal. Civ. Proc. Code § 416.10).  "The relevant individual may be served by personal delivery, by delivery to someone else at the person's residence or place or business with subsequent mailing, or by mail with acknowledgment of receipt."  Dakavia, 2020 WL 2112261, at *1 (citing Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30(a)).

In determining whether Plaintiff has exercised reasonable diligence, "[t]he question is simply whether [Plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978). "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." Kott v. Superior Ct., 45 Cal. App. 4th 1126, 1137 (1996). "An affidavit failing to demonstrate that a diligent search for officers as well as agents was performed is inadequate." Dakavia, 2020 WL 2112261, at *2 (quoting Viewtech, Inc. v. Skytech USA, Inc., Civil No. 07cv541-L(NLS), 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007)).

Although Plaintiff has made attempts to serve Defendant's registered agent, Plaintiff has "not shown that [it] attempted to search for officers and other agents of the corporation to serve." See Dakavia, 2020 WL 2112261, at *3 (collecting cases). "Plaintiff must conduct a diligent search to identify and serve, if possible, officers of" Defendant. Id. Accordingly, Plaintiff's Application, ECF No. 7, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: March 31, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE