UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALLEY NATIONAL BANK, | No. 2:21-cv-01275-MCE-DB |
| Plaintiff, | |
| v. | **ORDER** |
| UTS LOGISTICS INC., d/b/a UNITED TRANSPORTATION SERVICES, | |
| Defendant. | |

On April 1, 2022, this Court denied Plaintiff Valley National Bank's ("Plaintiff") Application for Court Order Authorizing Service of the Summons and First Amended Complaint ("FAC") on Defendant UTS Logistics Inc., d/b/a United Transportation Services ("Defendant") by Hand Delivery to the California Secretary of State. ECF Nos. 7, 8. Presently before the Court is Plaintiff's Renewed Application, ECF No. 9, which, for reasons set forth below, is GRANTED.

The California Secretary of State's records list Gurvinder Sandhu as Defendant's Chief Executive Officer, Secretary, Director, and Registered Agent for Service of Process and the address as 10221 Soprano Way, Elk Grove, California 95757. See Ex. 1, Garcia Decl., ECF No. 9-1, at 5–6 (listing Mukhtiar Sandhu as Chief Financial Officer at the same address). In addition to the previous attempts at service, see ECF No. 8, at 1–2, Plaintiff states that, on April 22, 2022, Plaintiff's counsel "mailed a copy of the

1

summons and complaint, along with a Notice and Acknowledgement of Receipt pursuant to section 415.30 of the California Code of Civil Procedure ('Notice and Acknowledgement'), to Defendant at the three addresses" identified by the California Secretary of State's website and the firm's research.  See id.; Garcia Decl., ECF No. 9-1 ¶ 10.  Defendant had until May 12, 2022, to complete and return the Notice and Acknowledgment but to date, Defendant has failed to respond.  Id. ¶ 11.  Furthermore, Plaintiff's counsel "attempted three (3) times on three different days to contact Defendant at the phone number listed in the Premium Finance Agreement and Disclosure Statement ('PFA')" but each time, "no one answered and [counsel] was unable to leave a voice mail message."  Id. ¶ 12 (stating the PFA "is the contract between Plaintiff and Defendant that is the subject of Plaintiff's breach of contract claim in this lawsuit.").

Federal Rule of Civil Procedure 4 authorizes service of process on a corporation in the manner prescribed by Rule 4(e) for serving individuals.[1]  Fed. R. Civ. P. 4(h)(1)(A).  Rule 4(e)(1) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).

California Corporations Code § 1702 provides the following:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service.  Service in this

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

>manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 1702(a).  Because Defendant is listed as an active corporation and has not been dissolved or forfeited its right to do business, Plaintiff must demonstrate by affidavit its inability with reasonable diligence to effect service under California Code of Civil Procedure § 416.10.  Dakavia Mgmt. Corp. v. Bigelow, Case No. 1:20-cv-00448-NONE-SKO, 2020 WL 2112261, at *1 (E.D. Cal. May 4, 2020).  "Under Section 416.10, a corporation can be served through a registered agent for process; enumerated officers of the corporation or a person authorized to receive service; a cashier or assistant of a banking corporation; or, where the party cannot with reasonable diligence serve any of these individuals, the Secretary of State."  Id. (citing Cal. Civ. Proc. Code § 416.10).  "The relevant individual may be served by personal delivery, by delivery to someone else at the person's residence or place or business with subsequent mailing, or by mail with acknowledgment of receipt."  Dakavia, 2020 WL 2112261, at *1 (citing Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30(a)).

In determining whether Plaintiff has exercised reasonable diligence, "[t]he question is simply whether [Plaintiff] took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances."  Donel, Inc. v. Badalian, 87 Cal. App. 3d 327, 333 (1978).  "The term 'reasonable diligence' . . . denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."  Kott v. Superior Ct., 45 Cal. App. 4th 1126, 1137 (1996).  "An affidavit failing to demonstrate that a diligent search for officers as well as agents was performed is inadequate."  Dakavia, 2020 WL 2112261, at *2 (quoting Viewtech, Inc. v. Skytech USA, Inc., Civil No. 07cv541-L(NLS), 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007)).

In its prior Order, the Court noted that, "[a]lthough Plaintiff has made attempts to serve Defendant's registered agent, Plaintiff has 'not shown that [it] attempted to search for officers and other agents of the corporation to serve.'"  ECF No. 8, at 4 (quoting

Dakavia, 2020 WL 2112261, at *3).  This time around, the Court finds that Plaintiff has exercised reasonable diligence.  Gurvinder Sandhu is listed not only as the registered agent but also as a corporate officer holding multiple titles with Defendant.  The Secretary of State's website lists another corporate officer, Mukhtiar Sandhu, but provides the same address as Gurvinder Sandhu.  As previously stated, the process server attempted service at the listed address, but was told that no one by the name of Gurvinder Sandhu was at that address.  Attempts were also made at two alternate addresses, but to no avail.  Following the Court's prior Order, Plaintiff's counsel sent the summons, complaint, and Notice and Acknowledgement to the three available addresses but have not received a response.  Finally, Plaintiff's counsel also made three unsuccessful attempts to contact Defendant by phone.  Accordingly, Plaintiff's Renewed Application, ECF No. 9, is GRANTED.

    IT IS SO ORDERED.

Dated:  June 7, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE